# CASES

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEAR 1913.

---

## George W. Roberts, Appellee, v. Robert H. Howe, Appellant.

### Gen. No. 17,963.

1. CONTRACTS—*where consideration executed, intent of parties governs.* Where the defendant at the time of signing a contract for the purchase of real estate also signs a letter attached thereto in which he agrees to pay plaintiff a certain amount "in consideration of your having secured" such contract of sale, the defendant's broker has been previously notified that plaintiff has an agreement with the owners that he shall have all he can procure for such real estate in excess of a certain amount, and defendant is told that both papers have to be signed, the fact that the services of plaintiff in procuring such sale were fully performed and the consideration executed, and that no previous promise had been made by defendant when he signed such agreement with plaintiff, does not bar recovery.

2. CONTRACTS—*construction.* In order to give effect to the intention of the parties to a contract and enforce its performance according to the sense in which they mutually understood it, where the intent is sufficiently apparent, effect must be given to it in that sense, though violence be done thereby to its words, and the use of a word in the past tense in referring to the consideration should not blind the court to the actual intent of the parties.

1

Appeal from the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed March 4, 1913.

PHILLIP S. BROWN, for appellant.

BOWEN W. SCHUMACHER, for appellee; SCHUMACHER, WENBAN & WOOD, of counsel.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

Suit in *assumpsit* was brought by the appellee as plaintiff against the appellant as defendant. The first count of the declaration is based upon the following letter, treated as a contract to pay the stipulated amount:

"CHICAGO, July 8, 1909.

MR. GEORGE W. ROBERTS,
        Chicago.

DEAR SIR:

In consideration of your having secured a certain contract of sale and purchase, dated June 21, 1909, and executed by Anna A. Roberts and Nettie L. R. Jones, for 1230 Wabash avenue I hereby agree, upon delivery of deed to me to pay you the sum of twelve hundred and fifty dollars ($1,250.00) dollars, in addition to the consideration of $36,250.00 named.

ROBERT H. HOWE."

The second count is based upon the alleged agreement of defendant to pay plaintiff $1,250 if plaintiff would secure a contract of sale and purchase from Mrs. Roberts and Mrs. Jones. The third count is based upon an alleged agreement on the part of the defendant to pay the plaintiff the same amount in consideration of plaintiff's obtaining and delivering to the defendant a deed from Mrs. Roberts and Mrs. Jones conveying to the defendant the said real estate. The fourth count is based upon an alleged agreement between the defendant and Mrs. Roberts and Mrs. Jones to purchase certain real estate for $37,500, and

to pay to Mrs. Roberts and Mrs. Jones $36,250 and to pay plaintiff the balance of the purchase price, namely, $1,250. The common counts are added, and the plaintiff insists that the amount of his claim is recoverable under them as money due him from the defendant in equity and good conscience, whether arising from contract or tort—as obtaining money under false pretenses—as obtaining by false representations a contract or deed of real estate worth to the defendant the sum of $1,250.

There was a trial before the court and a jury and a verdict for the plaintiff for $1,340. From a judgment rendered on the verdict the defendant appeals. We are asked to reverse the judgment on the grounds that an instruction tendered by the defendant directing the jury to find a verdict for the defendant was erroneously refused; also that there was error in the admission of testimony.

It would appear that Anna A. Roberts and Nettie L. R. Jones were the mother and sister of the plaintiff, and were the owners of certain real estate in the city of Chicago; that the defendant had contracted to buy the adjacent lot and desired to purchase the lot owned by Mrs. Roberts and Mrs. Jones; that he employed Mr. Read of the firm of McKey & Poague to negotiate for the purchase; that the plaintiff had charge of the real estate in question for his mother and sister, and that they had agreed with him that he should have all he could procure for the lot in excess of $36,250; that they were represented in the negotiations for the property by Mr. Oliver, a real estate agent; that Mr. Read made several offers to Mr. Oliver for the property, which offers were refused. The testimony of Mr. Oliver is to the effect that during the negotiations he said to Mr. Read that the plaintiff had an interest in the property; that his mother was willing that he should have all above a certain amount he could get for the property and that if the property was sold there would have to be a contract between the mother and

sister at the net price, and that an additional contract for an amount over the net price between the purchaser and George Roberts would have to be made; that Mr. Reed finally said that was acceptable to the defendant and to get the contract. Mr. Read, when called as a witness for the defendant, testified that he never knew that plaintiff expected to be paid something out of the sale of the property until after the suit was commenced; that he never had any conversation with Mr. Oliver regarding the payment to plaintiff of any money prior to the signing of the instrument heretofore set forth. When examined as a witness for the plaintiff he had previously testified that he saw plaintiff's exhibit one (the contract between Mrs. Roberts and Mrs. Jones and the defendant) in Mr. Robert's office; that there was another paper attached to it, namely, the foregoing letter addressed to plaintiff by Mr. Howe; that he took both of the papers to Mr. Howe and that Mr. Howe signed them; that he told Mr. Howe that both papers were to be signed or neither; that Mr. Howe called up his attorney, who read the papers over, whereupon they were signed and afterwards delivered to Mr. Oliver; that the transaction took place in one day, and that the earnest money of $1,250 mentioned in the contract was delivered to Mr. Oliver with the papers; that he first saw the plaintiff on the day the sale was closed in the office of the Chicago Title & Trust Company, August 10, 1909, where he met the defendant, Mr. Oliver, Mr. Roberts and Mr. Boddinghouse, an officer of the Trust company; that the defendant had a certified check for $35,000, which he tendered to Mr. Roberts for the deed; that then the question about the $1,250 came up, and that Mr. Howe said he would not pay until he saw his attorney; that on the next morning he met the plaintiff and defendant together and walked with them to the Trust company office, where Mr. Howe handed Mr. Boddinghouse the check for $35,000 and Mr. Boddinghouse handed to Mr. Howe the deed; that he and the defendant then went to the recorder's office and recorded the

deed. The witness testified that he might have told the plaintiff that he was safe in giving Mr. Howe the deed as Howe was responsible. The defendant in his testimony corroborated Mr. Read with respect to Mr. Read's having told him that he would have to sign both the contract and the letter form or neither. He further testified that he was advised by his attorney to sign the letter form and that there would be no legal liability on his part to pay the amount; that he did not expect or intend to pay it at the time he signed the paper; that he expected to get the deal through without paying the $1,250.

The defense interposed and the proposition relied upon for reversal is that the services rendered by Roberts for Howe were fully executed and performed before the signing of the instrument sued on, and without any promise or moral obligation on the part of Howe to pay the same before their performance; that therefore the consideration is past and executed, and no recovery may be had. We do not agree with this construction. It is true the contract for the sale had been signed by Mrs. Roberts and Mrs. Jones when presented to Mr. Howe, but his agent, Mr. Read, was given possession of it with the distinct understanding between him and Mr. Oliver, the agent for the grantors, that it was not to be executed by Howe and delivered to Mr. Oliver (to be held by the latter pending investigation of title, etc.) unless Mr. Howe should at the same time execute the second paper, namely, the agreement to pay the sum of $1,250 in addition to the sum of $36,250.

The argument of the defendant is based largely upon the first clause in the agreement, viz: "In consideration of your having secured," etc. In Walker v. Douglas, 70 Ill. 445, it is said to be a familiar elementary principle of construction that it is the duty of the court to discover and give effect to the intention of the parties, so that performance of the contract may be enforced according to the sense in which they mutually understood it at the time it was made; and where the

intention of the parties to the contract is sufficiently apparent, effect must be given to it in that sense, though violence be done thereby to its words. The mere use of the past tense in the form should not blind us to the actual intent of the parties. The contract as to the sale and purchase was not completed until the signature of Mr. Howe was appended thereto, and as this was done at the same time that the contract sued upon was executed by him, the two, in our opinion, should be treated as constituting one transaction. No one, in our opinion, on reading the documents could properly reach any other conclusion than that the intention of the parties was that the $1,250 should be paid as recited in the instrument itself as part of the transaction. The avowed determination of Mr. Howe, now frankly confessed, not to carry out the contract so made by him, cannot now be urged by him in argument for the proposition that the minds of the parties did not meet. He cannot thus take advantage of a wrong which he attempted to perpetrate.

In the brief for the defendant it is stated: "While we admit that he (Mr. Howe) intentionally deceived Mr. Roberts in order to obtain possession of the deed and place the same on record, still, as he was under no legal obligation to pay Mr. Roberts any money, such conduct can in no way alter his legal status." In view of the fact that under the agreement the sum of $1,250 was not to be paid to Roberts until he caused to be delivered or there was delivered to Howe the deed for the property in question, we are unable to adopt the reasoning so advanced.

Complaint is made that certain testimony of Mrs. Roberts and Mrs. Jones was improperly received. It was allowed by the court merely as proof tending to show the agency of the plaintiff, and in our opinion no error was committed.

We are unable to find any error in the charge of the court to the jury.

The judgment will be affirmed.

*Affirmed.*